[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 8, 2008
THOMAS K. KAHN
CLERK

No. 07–11418

D.C. Docket No. 04-10097-CV-JLK

.

ISLAND SILVER & SPICE, INC.,
GLENN S. SAIGER,
VIRGINIA SAIGER,
husband and wife,

Plaintiffs–Appellees,

versus

ISLAMORADA,
a Florida municipality,
VILLAGE OF ISLANDS,
a Florida municipality,

Defendants–Appellants.

Appeal from the United States District Court
for the Southern District of Florida

**(September 8, 2008)**

Before TJOFLAT and BLACK, Circuit Judges, and RESTANI,[*] Judge.

RESTANI, Judge:

Defendant-Appellant Islamorada, Village of Islands ("Islamorada") appeals from a judgment of the United States District Court for the Southern District of Florida granting injunctive and monetary relief in favor of Plaintiffs-Appellees Island Silver & Spice, Inc., Glenn S. Saiger, and Virginia Saiger (collectively "Island Silver") and invalidating an Islamorada zoning ordinance's "formula retail" restrictions as violations of the Dormant Commerce Clause. We affirm the judgment of the district court.

## BACKGROUND

In January 2002, Islamorada enacted Ordinance 02-02, which prohibited "formula restaurant[s]" and restricted "formula retail" establishments to limited street level frontage and total square footage. (See Ordinance 02-02 §§ 6.4.3–4(a–b), available at R.E. Tab 2 at 22 ("Ordinance 02-02" or "the ordinance").) The ordinance defines formula retail as:

> [a] type of retail sales activity of retail sales establishment . . . that is required by contractual or other arrangement to maintain any of the following: standardized array of services or merchandise, trademark, logo, service mark, symbol, decor, architecture, layout, uniform, or

---

[*]Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

similar standardized feature.

(Id. at § 6.4.1(e).)

Island Silver owns and operates an independent retail store in Islamorada. See Island Silver & Spice, Inc. v. Islamorada, 475 F. Supp. 2d 1281, 1282 (S.D. Fla. 2007) ("Island Silver"). In June 2002, Island Silver entered into a contract to sell its property to a developer seeking to establish a Walgreens drug store in the same footprint of Island Silver's existing mixed-retail store. Id. at 1284. After unsuccessfully protesting the ordinance's restrictions on formula retail stores through the local administrative process, the developer withdrew from the purchase. Id. at 1284–85. Island Silver brought a complaint against Islamorada in district court, seeking damages, injunctive relief, and a writ of mandamus on the grounds that the ordinance's formula retail provisions violated its rights to Due Process, Commercial Speech, Equal Protection, Privileges and Immunities, the Commerce Clause, and the terms of the Florida Constitution. Id. at 1282.

On February 28, 2007, the district court granted injunctive and monetary relief in favor of Island Silver and invalidated the ordinance's formula retail provisions. Id. at 1294. The district court found that the provisions violated the Dormant Commerce Clause because they had a discriminatory impact on interstate commerce unsupported by a legitimate state purpose and the putative local

3

benefits were outweighed by the burden imposed on interstate commerce. Id. at 1292–93. Islamorada appeals.[1]

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over the appeals of final judgments of the district court pursuant to 28 U.S.C. § 1291. We review the district court's factual findings for clear error and its legal conclusions de novo. Ruiz v. Tenorio, 392 F.3d 1247, 1251 (11th Cir. 2004).

## DISCUSSION

The Dormant Commerce Clause prohibits "regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors." New Energy Co. of Ind. v. Limbach, 486 U.S. 269, 273 (1988). To determine whether a regulation violates the Dormant Commerce Clause, we apply one of two levels of analysis. See Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth., 476 U.S. 573, 578–79 (1986). If a regulation "directly regulates or discriminates against interstate commerce," or has the effect of favoring "in-state economic interests," the regulation must be shown to "advance[ ] a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives." Bainbridge

---

[1]This appeal was consolidated for oral argument with Cachia v. Islamorada, No. 06-16606, which is disposed of in a separate opinion, filed concurrently with this opinion.

v. Turner, 311 F.3d 1104, 1109 (11th Cir. 2002) (quotations and citations omitted). If a regulation has "only indirect effects on interstate commerce," we "examine[ ] whether the State's interest is legitimate and whether the burden on interstate commerce clearly exceeds the local benefits." Brown-Forman, 476 U.S. at 579 (citing Pike v. Bruce Church, Inc., 397 U.S. 137, 142 (1970)).

The district court correctly determined that the formula retail provision does not facially discriminate against interstate commerce. See Island Silver, 475 F. Supp. 2d at 1290 (stating that "the ordinance is facially neutral"). With respect to the provision's effects, however, the parties stipulated that the ordinance "effectively prevents the establishment of new formula retail stores," and "[a] facility limited to no more than 2,000 square feet or 50' of frontage [as required by the ordinance] can not accommodate the minimum requirements of nationally and regionally branded formula retail stores." (Evidentiary Stipulation, available at Island Silver, No. 04-10097-CV-JLK, Doc. 77-2 at 7 ("Evidentiary Stipulation").) Although the fact that the burden of a regulation falls onto a subset of out-of-state retailers "does not, by itself, establish a claim of discrimination against interstate commerce," Exxon Corp. v. Governor of Maryland, 437 U.S. 117, 126 (1978), the ordinance's effective elimination of all new interstate chain retailers has the "practical effect of . . . discriminating against" interstate commerce, Hunt v.

5

Washington Apple Advertising Commission, 432 U.S. 333, 350 (1977). The formula retail provision is therefore subject to elevated scrutiny.[2] Id. at 353; see also Bainbridge, 311 F.3d at 1109.

Under the elevated scrutiny test, a regulation must be supported by "a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives."[3] Bainbridge, 311 F.3d at 1109 (quotations and citation omitted). The burden is on Islamorada to justify the ordinance's discriminatory effects. Hunt, 432 U.S. at 353 ("When discrimination against commerce . . . is demonstrated, the burden falls on the State to justify it both in terms of the local benefits flowing from the statute and the unavailability of nondiscriminatory alternatives adequate to preserve the local interests at stake.").

The ordinance's stated local purposes include the preservation of "unique and natural" "small town" community characteristics, encouragement of "small scale uses, water-oriented uses, [and] a nationally significant natural environment," and avoidance of increased "traffic congestion . . . [and] litter,

---

[2]The district court applied both the elevated scrutiny and balancing tests, finding that "[the] ordinance fails both tests: it is discriminatory in impact . . . without an adequate legislative purpose, and the burden it imposes is clearly excessive in relation to its putative local benefits." Island Silver, 475 F. Supp. 2d at 1290. We agree that on this record it fails both.

[3]Regulations that facially discriminate or have a discriminatory effect on interstate commerce rarely pass the elevated scrutiny test. See Brown-Forman, 476 U.S. at 579 (stating that such regulations are "virtually per se invalid").

6

garbage and rubbish offsite." (Ordinance 02-02 at Preamble.) The parties stipulated, however, that "Islamorada has a number of [pre-existing] 'formula retail' businesses," (Evidentiary Stipulation, at 6 n.3), Islamorada "has no Historic District, and there are no historic buildings in the vicinity of [Island Silver's] property," (id. at 6–7), and "[t]he Ordinance is not necessary for preservation of the historic characteristics of any buildings in the Village," (id. at 7). In addition, because the ordinance "does not address small formula retail stores, which are permitted under the ordinance, but would presumably affect the Village's small town character as well," or large non-chain businesses, the district court found that "[r]estricting formula retail stores, while allowing other large [and] non-unique structures, does not preserve a small town character." Island Silver, 475 F. Supp. 2d at 1292. The district court properly determined that, although "[i]n general, preserving a small town community is a legitimate purpose . . . , in this instance, [Islamorada] has not demonstrated that it has any small town character to preserve." Id. at 1291.

With respect to the stated purpose of encouraging small-scale and natural uses, the parties also stipulated that Islamorada's existing "zoning allows the use of the property as a retail pharmacy . . . and other retail uses," (Evidentiary Stipulation, at 1), and that Island Silver operated as "a street level business

7

comprising over twelve thousand square feet of floor area," (id. at 2), which "greatly exceeds the [ordinance's] dimensional limitations" for formula retail businesses, (id. at 3). The district court correctly found that Islamorada "[did] not explain why the ordinance singles out retail stores and restaurants with standardized features," Island Silver, 475 F. Supp. 2d at 1292, and that the record did not indicate that Islamorada is "uniquely relaxed or natural," or that there is "a pre-dominance of natural conditions and characteristics over human intrusions," id. at 1291.

Similarly, the stated purposes of reducing traffic and garbage are undermined by the parties' stipulations that Islamorada has existing "land development regulations, other than the Ordinance, that govern and control traffic generation of retail uses," and "that limit the dimensions, location, and use of buildings and signs." (Evidentiary Stipulation, at 7.) The district court therefore properly concluded that Islamorada failed to provide a legitimate local purpose to justify the ordinance's discriminatory effects, and that even if such purpose had been shown, "the ordinance does not serve this interest." Island Silver, 475 F. Supp. 2d at 1292.

Islamorada's failure to indicate a legitimate local purpose to justify the ordinance's discriminatory effects is sufficient to support the district court's

8

determination that the formula retail provision is invalid under the Dormant Commerce Clause. See id. ("Because the ordinance clearly fails the first two prongs of the [elevated scrutiny] test, the Court does not need to reach the merits of the third prong of the test. Whether [Islamorada] can show that no adequate, non-discriminatory methods were available is therefore immaterial."). It should be noted, however, that Islamorada does not assert that the stated purposes of the ordinance cannot be furthered by reasonable nondiscriminatory alternatives, such as Islamorada's existing land development regulations. (See, e.g., Evidentiary Stipulation, at 7.) Even under the balancing approach advocated by Islamorada, the stipulated facts indicate that the formula retail provision's disproportionate burden on interstate commerce, such as the effective exclusion of interstate formula retailers, clearly outweighs any legitimate local benefits.

Accordingly, the district court did not err in concluding that the ordinance's formula retail provision violated the Dormant Commerce Clause.

## CONCLUSION

We therefore AFFIRM the judgment of the district court.