BLACK, Circuit Judge,
concurring in the result:
While I concur in the result in this case, I write separately to underscore my view that the majority’s analysis of the Appellants’ First Amendment and Dormant Commerce Clause claims is tied narrowly to this particular professional licensing regulation and the evidence in the record before us.
As I understand the majority opinion, it holds that Florida’s licensing scheme does not violate the First Amendment because it is a regulation of occupational conduct with only an incidental impact on protected speech. The practice of interior design, as defined by the statute, involves direct, personalized communications with clients in which designers use their technical expertise to exercise judgment on behalf of clients on matters affecting health and safety. Because of this “personal nexus” between the designer and the client and because the designer is exercising judgment on behalf of the client in light of the client’s specific circumstances, Florida’s law is properly viewed as a legitimate regulation of professional practice. See Lowe v. SEC, 472 U.S. 181, 232, 105 S.Ct. 2557, 2584, 86 L.Ed.2d 130 (1985) (White, J., concurring).
In applying the first tier of our Dormant Commerce Clause analysis, Island Silver & Spice, Inc. v. Islamorada, 542 F.3d 844, 846 (11th Cir.2008), I agree that the law does not discriminate against interstate commerce on its face, nor does the record establish that the law is discriminatory in effect.
As to the second tier, I agree with the majority that the law advances a legitimate state interest and its burdens on interstate commerce are not “clearly excessive in relation to the putative local benefits.” See Pike v. Bruce Church, 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970).
The individual licensing requirement advances the state’s legitimate interest in promoting the health and safety of occupants of buildings. The firm licensing requirement further promotes safety by ensuring that a firm’s licensed interior designers are supervised by someone who is similarly qualified and in a position to actually exercise control over interior design work produced by the firm. See Fla. Stat. § 481.219(7)(b); § 481.219(10) (explaining that the principal officer who qualifies the firm for its certificate of authorization “shall be responsible for ensuring responsible supervising control of projects of the entity”).
Furthermore, while the licensing scheme does limit unlicensed designers’ ability to practice in Florida, it also preserves several outlets for these designers to provide their services. Because the extent of the burden imposed by the licensing requirement is significantly lessened by the statutory exemptions, I cannot conclude on this record that the law’s burdens on interstate *1198 commerce are clearly excessive in relation to its benefits.